COYNE, The EMMA L. See Case No. 4,466.

## Case No. 3,313.

### In re COZART.

[3 N. B. R. 508 (Quarto, 126).] [1]

District Court, S. D. Georgia.    Feb. 7, 1870.

BANKRUPTCY—PROOF OF DEBT.

Creditor had judgment in Georgia against bankrupt in 1858, and sought to prove his claim in bankruptcy. *Held*, he was entitled to no priority on account thereof, no entry having been made in the execution for seven consecutive years subsequent to Oct. 4, 1860, and he had no lien by the laws of Georgia. The bankrupt law recognizes as liens only those that are valid and binding in the state where the property is situated.

[Cited in Re Butler, Case No. 2,236.]

On certificate of register in bankruptcy.

I, Frank S. Hesseltine, register of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause the following question pertinent to the same arose, and was stated by Lyon de Graffenreid and Irwin, counsel for S. F. Lassiter, a creditor of the said bankrupt: S. F. Lassiter proved a claim against the bankrupt on a judgment obtained in the superior court of Lee county, Georgia, at the March term, 1858. I decided that the said judgment was, by the Code of Georgia, dormant, there being no entry upon the execution for seven consecutive years subsequent to the 4th day of October, 1860. Lassiter, by his counsel, excepted to this decision, and requested that the issue should be certified to your honor for your opinion thereon.

OPINION OF THE REGISTER. The grounds upon which the counsel of Lassiter claim that the said judgment is valid and binding, briefly stated, are: First. That from the year 1860 to 1865, no levy could legally be made, by reason of the stay laws then in force in the state of Georgia. Second. That during the Rebellion, by reason of the same, there was no legal officer in the state of Georgia, to make a return upon the said execution. Third. That from June, 1865, to July, 1868, no levy and return thereof could be made, by reason of military orders and the acts of the constitutional conventions and general assembly of the state of Georgia, prohibiting levies of executions. The last objection is not true, in fact. Military orders and acts, staying the sale of property under execution during some part of the period mentioned, were passed; but a levy of this fieri facias and a return on the same could have been made. If I deemed it incumbent upon me to consider the question, whether by reason of the Rebellion there was during that period a legal officer in the state of Georgia to make a levy and a return upon an execution, I should consider it material, in coming to a conclusion, to have evidence as to whether the plaintiff was, during the Rebellion, a loyal citizen of the United States, or a citizen of the state of Georgia and a participator in the Rebellion. The objection might be well taken by a citizen of one of the loyal states, who, by reason of the Rebellion, was prevented from collecting his debt; while in the other case the legal maxim, "No man shall take advantage of his own wrong," might apply. I, however, decide that this judgment has abated, resting my decision upon section 2863 of the Code and the judgment of the supreme court of Georgia in Battle v. Shivers [39 Ga. 405], rendered August 3, 1869.

The supreme court has given its interpretation upon the statutes of the state which affect this question, and by its decision the lien of all such judgments as this one is lost. The judgments no longer exist as such in the courts of the state. This judgment of Lassiter's having no lien upon the property of the bankrupt enforceable in the state court, no priority will be given to it here in the distribution of the money derived from the sale of the said property. It can stand no better in this court than it does where it was created, and where alone it would have sought to enforce its lien upon the property, if the same had not been brought here. The bankrupt act recognizes as liens those only which are valid and binding by the laws of the state where the property is situated.

ERSKINE, District Judge. I have read and carefully considered the question involved in this case, together with the opinion of the register. I think his decision is clear, and expounds in incontrovertible language the law of the case. I approve and affirm the decision. The clerk will certify this affirmance to Mr. Register Hesseltine.

COZZENS (CREDITORS v.). See Case No. 3,378.

---

[1] [Reprinted by permission.]